UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICIA LYNN PLANDOWSKI,

               Plaintiff,

        v.                               17-CV-0186-A
                                                   **DECISION AND ORDER**

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

               Defendant.
_____

The Plaintiff seeks review of the Commissioner of Social Security's decision denying her request for Social Security benefits under the Social Security Act. The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

The parties have filed cross-motions for judgment on the pleadings, and the Plaintiff filed a reply. The Court assumes familiarity with the administrative record, the parties' arguments, and the standard of review. *See, e.g.*, *Schaal v. Apfel*, 134 F.3d 496 (2d Cir. 1998) (summarizing standard of review and test for "disability")

## DISCUSSION

### A. The ALJ did not sufficiently explain his decision to give "little weight" to the opinion of the Plaintiff's treating psychiatrist

The Commissioner's regulations "recognize[] a 'treating physician' rule of deference to the views of the physician who has engaged in the primary treatment of the claimant." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (quotation marks omitted). The treating-physician rule states that "the opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight'

1

so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record.'"  *Id.* (quoting 20 C.F.R. § 404.1527(d)(2)) (brackets omitted). "Medically acceptable clinical and laboratory diagnostic techniques include consideration of a patient's report of complaints, or history, as an essential diagnostic tool."  *Id.* (quotation marks and brackets omitted).

An ALJ may properly decline to give "controlling" weight to the opinion of a claimant's treating physician, but to do so the ALJ must "consider several factors in determining how much weight [the physician's opinion] should receive."  *Id.* at 129. These factors are:

> (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion.

*Ecklund v. Commissioner*, --- F. Supp. 3d ---, 2018 WL 6039391 (W.D.N.Y. 2018) (quoting *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).

If an ALJ decides to not give controlling weight to a claimant's treating physician, "the ALJ must comprehensively set forth his reasons for the weight assigned to a treating physician's opinion."  *Burgess*, 537 F.3d at 129 (quotation marks omitted).  The ALJ need not "explicitly walk through" the factors identified above, "so long as the Court can conclude that the ALJ applied the substance of the treating physician rule."  *Eckland*, 2018 WL 6039391, at *4 (quotation marks omitted). Nonetheless, "[f]ailure to provide . . . good reasons for not crediting the opinion of a

2

claimant's treating physician is a ground for remand." *Burgess*, 537 F.3d at 129-30 (quotation marks omitted).

Dr. Gupta—whom the Commissioner acknowledges was the Plaintiff's treating psychiatrist, Docket No. 7-1 at 25—concluded that the Plaintiff had either "poor" or no ability to carry out 10 out of 14 mental skills that are "critical" to performing unskilled work, such as "[t]he ability to remember work-like procedures," "[t]he ability to understand and remember very short and simple instructions," "[t]he ability to sustain ordinary routine without special supervision," and "[t]he ability to accept instructions and respond appropriately to criticism from supervisors." Tr. 757-59. Dr. Gupta explained his findings by noting that the Plaintiff "continues to experience high degree of emotional reactivity and irritability in interpersonal exchanges," and that "she also has a marked reduction in distress tolerance. Throughout the completion of [Dr. Gupta's medical source statement], the [Plaintiff] was provided with examples of each scenario & had difficulty comprehending & responding to questions, becoming overwhelmed." Tr. 759.

The ALJ afforded this opinion "little weight," concluding that Dr. Gupta had been "overly pessimistic given recent treatment notes that show the claimant's panic attacks were controlled on medication and the claimant's husband's statements that the claimant had better judgment and was more stable on medication." Tr. 28. The ALJ further stated that "Dr. Gupta indicated that his opinion was, in part at least based on claimant's own responses to his questions. As such, they would contain a good deal of subjective limitation from the claimant herself, not a medical opinion of the

3

doctor." *Id.* The ALJ gave no further explanation for his decision to afford Dr. Gupta's opinion "little weight."

The ALJ's explanation for giving Dr. Gupta's opinion less-than-controlling weight is insufficient to support the ALJ's conclusion. As an initial matter, the ALJ did not address the factors, identified above, that guide an ALJ's decision to discount a treating physician's opinion. Of course, an ALJ need not explicitly address these factors if the ALJ decides to give a treating physician's opinion less-than-controlling weight. But the ALJ's explanation must still provide enough for the Court to "conclude that the ALJ applied the substance of the treating physician rule." *Eckland*, 2018 WL 6039391, at *4 (quotation marks omitted).

Here, the ALJ's explanation for discounting Dr. Gupta's opinion does not give the Court enough basis to conclude that the ALJ considered the appropriate factors for affording a treating physician's opinion less-than-controlling weight. Nothing in the ALJ's decision suggests that he considered the length of time Dr. Gupta treated the Plaintiff (over one year, at 1-2 month intervals, Tr. 732- 43), nor the nature of Dr. Gupta's relationship with the Plaintiff. Likewise, nothing in the ALJ's decision suggests that he discounted Dr. Gupta's opinion because it was inconsistent with the rest of the record. The ALJ opined that Dr. Gupta's opinion was "overly pessimistic" because "recent treatment notes . . . show that the claimant's panic attacks were controlled on medication." Tr. 28. But the evidence the ALJ cites for that conclusion is not "recent"—rather, it predates Dr. Gupta's February 2015 opinion, in two cases, by nearly two years. *See* Exs. 8F (May 2013); 20F (June 2013); 23F (January 2014 – February 2015). Aside from this unsupported conclusion, nothing suggests that the

4

ALJ discounted Dr. Gupta's opinion by comparing it with the rest of the record. Finally, the ALJ based his conclusion on the fact that, in his view, Dr. Gupta's opinion was based "in part at least . . . on the claimant's own responses to his questions." Tr. 28. It is unclear whether the record supports this conclusion, but even if it did, it is insufficient, by itself, to give the Plaintiff's treating physician's opinion "little weight."

As noted, "[f]ailure to provide . . . good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand." *Burgess*, 537 F.3d at 129-30 (quotation marks omitted). Thus, because the ALJ failed to provide good reasons for his decision to give Dr. Gupta's opinion less-than-controlling weight, remand is appropriate in this case.

### B. The Plaintiff's remaining challenges to the ALJ's decision

The Plaintiff raises several other challenges to the ALJ's decision. Two of those arguments concern the ALJ's conclusion that the Plaintiff had the residual functional capacity (RFC) to return to her past work and was, therefore, not disabled. A proper assessment of Dr. Gupta's opinion *may* affect the Plaintiff's RFC.[1] And because the Plaintiff's RFC is relevant to deciding whether she can return to her past relevant work, judicial efficiency counsels in favor of not resolving the Plaintiff's challenges to the ALJ's RFC and step-four determination.

The Plaintiff also argues that remand is appropriate because the ALJ allegedly "failed to include bipolar disorder among [the] Plaintiff's severe medically determinable impairments," and because the ALJ's decision allegedly "failed to follow the Commissioner's procedures for evaluating mental impairments." Docket No. 5 at

---

[1] The Court does not intend to suggest that Dr. Gupta's opinion should be given controlling weight. That decision is reserved for the ALJ on remand.

21-22. "[E]rror at step two in determining the severity of impairments is harmless if the ALJ finds at least one other severe impairment and continues through the sequence of the disability analysis because the non-severe impairments can later be considered at the RFC stage." *Howard v. Comm'r*, 203 F. Supp. 3d 282, 297-98 (W.D.N.Y. 2016) (collecting cases). *See Stanton v. Astrue*, 370 F. App'x 231, 233 n.1 (2d Cir. 2010) ("Even if we were to reach the merits of [the plaintiff's step-two] argument," which he had waived, "we would not identify error warranting remand because the ALJ did identify severe impairments at step two, so that [the plaintiff's] claim proceeded through the sequential evaluation process.")[2] Thus, an ALJ's failure to find that the Plaintiff's mental impairments are "severe impairments" is harmless so long as the ALJ considered those non-severe impairments in his RFC assessment. *See Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012) (noting that it is "legal error" for an ALJ to determine a claimant's RFC "without accounting for any limitations arising from her mental impairment that were established by substantial evidence in the record," even when the ALJ finds that the claimant's "mental impairments [are] nonsevere.") Because the Court's remand in this case may require the ALJ to reconsider his RFC assessment, the Court finds it unnecessary, at this time, to resolve the Plaintiff's challenges to the ALJ's step-two determination.

---

[2] A number of courts have recognized an exception to this harmless error rule in cases where the ALJ failed to apply the so-called "special technique" for mental impairments. *See, e.g.*, *Kennerson v. Astrue*, 2012 WL 3204055, at *15 (W.D.N.Y. Aug. 3, 2012) ("Courts have held that the failure to apply the special technique is not harmless error."); *Howard*, 203 F. Supp. 3d at 297-98 (collecting cases for the proposition that the harmless error doctrine "does not always apply, especially in relation to a mental impairment").

## CONCLUSION

For the reasons stated above, the Plaintiff's motion for judgment on the pleadings (Docket No. 5) is granted, and the Commissioner's motion for judgment on the pleadings (Docket No. 7) is denied.  This case is remanded to the Commissioner for further proceedings consistent with this Decision and Order.  The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated: December 3, 2018                  __*s/Richard J. Arcara*_____
     Buffalo, New York                     HONORABLE RICHARD J. ARCARA
                                              UNITED STATES DISTRICT JUDGE