**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

PATRICIA PLANDOWSKI,

                Plaintiff,

      v.                                     **DECISION AND ORDER**
                                                            17-CV-186-A

ANDREW M. SAUL,[1]
Acting Commissioner of Social Security,

                Defendant.
_____

      Plaintiff's attorney, William Bernhardi, has filed a motion for approval of his attorney's fee pursuant to 42 U.S.C. § 406(b). Before approving Bernhardi's fee, the Court must perform an "independent check[]" of the request. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Upon such review, the Court may approve a "reasonable fee." 42 U.S.C. § 406(b). After its independent check, and for the reasons stated below, the Court finds that Bernhardi's requested fee of $21,338.00 is reasonable in this case.

**BACKGROUND**

      On February 28, 2017, Bernhardi filed a complaint in this Court pursuant to 42 U.S.C. § 405(g). The Complaint sought review of the Commissioner's decision denying Plaintiff's application for Social Security benefits. (Dkt. No. 1). On August 28, 2017, Plaintiff filed her motion for judgment on the pleadings (Dkt. No. 5), and on October 10, 2017, the Commissioner filed its response and cross-motion for judgment on the

---

[1] Andrew M. Saul is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g), Andrew M. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

1

pleadings. (Dkt. No. 7). Plaintiff thereafter filed her reply and response. (Dkt. No. 8). After full briefing, this Court issued a Decision and Order granting Plaintiff's motion and remanding the case to the Commissioner for further proceedings and denying the Commissioner's motion. (Dkt. No. 10; see Dkt. No. 11 [Judgment]). In March 2019, the parties stipulated that, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, Bernhardi was entitled to attorney's fees and expenses totaling $5,720.45. (Dkt. No. 13).

On remand, the Administrative Law Judge issued a decision in favor of Bernhardi's client. (Dkt. No. 15-3). The Commissioner withheld 25 percent of the Plaintiff's past-due benefits (totaling $21,338.00) for possible attorney's fees. (Dkt. 15-4).

Bernhardi then filed a motion for fees pursuant to 42 U.S.C. § 406(b), which is now before the Court. Bernhardi's motion seeks $21,338.00 of the $21,338.00 that the Commissioner has withheld from the Plaintiff's past-due benefits. Bernhardi states that, if he is awarded the fee he seeks, he will, as required by statute, refund the $5,720.45 EAJA fee to his client. See Dkt. No. 15-1, ¶ 15; see also Gisbrecht, 535 U.S. at 796. In support of his § 406(b) motion, Bernhardi includes his billing records for this case, which show that he spent 26.9 hours on his representation of the Plaintiff before the Court. (Dkt. No. 15-5).

## DISCUSSION

### A.     Timeliness of Plaintiff's motion

The Commissioner suggests that Bernhardi's motion is timely. (See Dkt. No. 17, p. 3). The Court agrees. Pursuant to Local Civil Rule 5.5(g)(1) (citing Fed. R. Civ. P. 54(d)(2)(B) and Sinkler v. Berryhill, 932 F.3d 83 (2d Cir. 2019)), a § 406(b) motion must be filed no later than 14 days after counsel receives notice of the amount of any benefits award (and thus the maximum attorney's fees that may be claimed), and receipt of such

a communication is presumed to be three days after mailing (see *Sinkler*, 932 F.3d at 88-89, 89 n.5 and Fed. R. Civ. P. 6(d)).  Local Civil Rule 5.5(g)(1) indicates, "[u]nless otherwise established, the Court will assume that counsel representing the plaintiff in federal court received notice of the benefits calculation at the same time as the plaintiff".

Here, Bernhardi filed his motion on October 30, 2020, 12 days after the date on the Commissioner's Title II Notice of Award, i.e. October 18, 2020, addressed to the Plaintiff, a copy of which was enclosed in a mailing to Bernhardi.  (*See* Dkt. No. 15-4). Accordingly, Bernhardi timely filed his motion pursuant to *Sinkler*.

**B.      Standard for awarding fees under § 406(b)**

The Social Security Act allows an attorney who successfully represents a Social Security claimant "before the court" to petition that court for "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  42 U.S.C. § 406(b).  The Supreme Court has held that § 406(b) "calls for court review of [contingent-fee] arrangements as an independent check[] to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.  Towards that end, "Congress has provided" courts with "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."  *Id.* (citing 42 U.S.C. § 406(b)).

"Within the 25 percent boundary," an attorney must show that "the fee sought is reasonable for the services rendered."  *Id.*  In other words, an attorney's fee is not presumptively recoverable simply because it is equal to or less than 25 percent of the client's recovery.  Rather, § 406(b) "requires an affirmative judicial finding that the fee allowed is 'reasonable.'" *Id.* n.17 (internal quotation marks omitted).  "[T]he attorney bears

the burden of persuasion that the statutory [reasonableness] requirement has been satisfied." *Id.*

The Supreme Court has identified several factors that a court may use to assess the reasonableness of a contingent fee requested under § 406(b). First, a court may consider "the character of the representation and the results the representative achieved." *Id.* at 808. Second, a court may reduce an attorney's requested fee if the court finds that the attorney is responsible for delay in obtaining a judgment. In other words, because the attorney's fee is contingent on his client's recovery of past-due benefits, and because past-due benefits increase the longer a case lingers, the court may appropriately reduce a fee "so that the attorney will not profit" from delay that is attributable to him. *Id.* And third, a court may reduce a fee if the court concludes that the benefits recovered—which drive the size of an attorney's potential fee—"are large in comparison to the amount of time counsel spent on the case", the so-called "windfall factor." *Id.*

The Supreme Court and the Second Circuit have also identified two factors that act as a check on a court's reduction of an attorney's requested fee under § 406(b).

First, courts must be mindful that "payment for an attorney in a social security case is inevitability uncertain." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Thus, the Second Circuit has "recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Id.* (internal quotation marks omitted). In other words, while "contingent fee agreements cannot simply be adopted as *per se* reasonable in all social security cases," courts should recognize that "a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more

4

than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Id.*

Second, "the traditional lodestar method, borrowed from fee-shifting contexts, is not appropriate for evaluating a reasonable fee" under § 406(b). *Id.* Thus, the Court may not evaluate the "reasonableness" of the attorney's fee by engaging in "satellite litigation." *Gisbrecht*, 535 U.S. at 808. The Court should instead evaluate "the reasonableness of the contingency agreement in the context of the particular case." *Wells*, 907 F.2d at 371.

Putting these principles together, a court's task under § 406(b) is, on the one hand, to "give due deference to the intent of the parties," but, on the other hand, to "not blindly approve every fee request made pursuant to a contingent agreement." *Wells*, 907 F.2d at 372. At bottom, a court should consider "whether there has been fraud or overreaching in making the agreement," or "whether the requested amount is so large as to be a windfall to the attorney." *Id.*

## C. Whether Bernhardi's requested fee is "reasonable" under § 406(b)

With these principles in mind, the Court assesses the reasonableness of Bernhardi's requested fee. The Commissioner states that he sees no evidence of fraud or overreaching. (Dkt. No. 17, p. 5).[2] Given the facts of this case, the Court agrees and also finds that the requested fee is not a windfall.

As an initial matter, the Court notes that Bernhardi's request of $21,338.00 represents the 25 percent of the past-due benefits awarded to Plaintiff ($21,338.00). It

---

[2] Fees requested pursuant to § 406(b) come from the attorney's client's recovery. They do not come, as they do in the EAJA context, from the public fisc. Thus, unlike a claim for fees under the EAJA, the Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead he plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798 n.6.

therefore does not exceed the statutory cap. It furthermore is permissible under the fee agreement between Plaintiff and Bernhardi, which, consistent with the statutory cap, provides for 25 percent of any past due benefits awarded. (Dkt. No. 15-2).

Regarding the first *Gisbrecht* factor, the Court finds that the requested fee is in line with the "character of the representation and the results the representation achieved." Plaintiff received experienced and competent representation here. Bernhardi has been practicing law since 1986 and since 1988 has concentrated on disability claims for Social Security and Supplemental Security Income. (Dkt. No. 15-1, ¶ 10). Bernhardi's work on this matter yielded an award of past due benefits of $85,352.00. (Dkt. No. 15-1, ¶ 5). Bernhardi notes that Plaintiff has two eligible auxiliary beneficiaries, her two children, such that the Commissioner may award additional past-due benefits. (Dkt. No. 15-1, ¶ 8).

Here, Bernhardi's effective briefing in this Court (a motion for judgment on the pleadings, followed by a reply) secured a reversal and remand for further administrative proceedings. Following remand, an Administrative Law Judge issued a favorable decision, awarding Plaintiff benefits as of March 6, 2013. (Dkt. No. 15-3). This factor accordingly weighs in favor of finding reasonableness.

As to the second factor, Bernhardi did not engage in dilatory litigation tactics or otherwise cause delay in the proceedings that might have inflated past due benefits and therefore the potential fee award. Indeed, Bernhardi did not request any extension during the pendency of this action in the district court. Thus, the second factor also weighs in favor of finding reasonableness.

With regard to the third *Gisbrecht* factor, whether a requested fee would be a "windfall" for purposes of § 406(b), courts consider several factors, including "1) whether

the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases." *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456-57 (W.D.N.Y. 2005).

Compared to the number of hours he spent working on this matter, the fee requested by Bernhardi is not a windfall. Based on the itemized statement submitted, Bernhardi spent a total of 26.9 hours representing Plaintiff in the district court. Dividing the Section 406(b)(1) fee requested ($21,338.00) by the total hours expended by Bernhardi (26.9) yields an effective hourly rate of approximately $793.23. As the Commissioner notes in his response, other cases in this Circuit have found that effective hourly rates similar to, or higher than, that requested by Plaintiff's counsel are not unreasonable. *See* Dkt. No. 17, p. 5 n.2. Moreover, Bernhardi has already been awarded $5,720.45 in EAJA fees and costs, which amount will be refunded to Plaintiff. This means the net award to Plaintiff's counsel under Section 406(b) will be $15,617.55. Dividing $15,617.55 by 26.9 yields an effective hourly rate of approximately $580.58.

In assessing the reasonableness of Bernhardi's requested fee, counsel's previously stipulated EAJA award of $5,720.45 for the same work at issue in his § 406(b) motion provides the Court with a rough baseline of what a "reasonable" fee might be in this case. Balanced against that fact, however, the Court must consider the Second Circuit's reminder that a contingency agreement, which is the basis for the fee Bernhardi requests in his motion, "is the freely negotiated expression both of a claimant's willingness

to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Wells*, 907 F.2d at 371. Thus, in assessing whether counsel's requested fee is reasonable under § 406(b), the Court is very cognizant of the fact that Bernhardi assumes the risk of nonpayment in all his Social Security matters.

After considering these facts, the Court concludes that Bernhardi's requested $21,338.00 fee is "reasonable." 42 U.S.C. § 406(b). The Court finds that Bernhardi's requested fee is not a windfall, *see Joslyn*, 389 F. Supp. 2d at 456, that counsel did not delay the resolution of this case, and that Bernhardi's requested fee reasonably compensates an attorney with Bernhardi's experience in handling Social Security claims.

## **CONCLUSION**

William Bernhardi's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) is granted. The Court finds that Bernhardi is entitled to recover $21,338.00 for his work on this case. Thus, the Commissioner shall release to William Bernhardi, Esq. the $21,338.00 he has withheld from the Plaintiff's award. Further, Bernhardi shall refund his $5,720.45 EAJA attorney's fees and costs to the Plaintiff within 14 days of his receipt of the § 406(b) fee; specifically, the $5,296.06 EAJA attorney's fee that he has already received, and the $424.39 in costs and expenses upon receipt of those monies.

**SO ORDERED.**

Dated: November 13, 2020                  *S/Richard J. Arcara*
   Buffalo, New York                       HONORABLE RICHARD J. ARCARA
                                                     UNITED STATES DISTRICT JUDGE